UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

STEPHEN POWELL,

                Plaintiff,

— against —

DET. GARY SCOLLARD and THE HARVARD CLUB,

                Defendants.

Case No. 21-CV- 1477

AMENDED COMPLAINT

JURY TRIAL DEMANDED

## NATURE OF THE ACTION

1.  Plaintiff brings this action under 42 U.S.C. §§ 1983 for violations of his constitutional rights and for torts under New York State law.

2.  In October 2019, Plaintiff was wrongfully arrested for thefts that occurred in January and August of 2019.

3.  Employees of the Harvard Club and the New York City Police Department disregarded Mr. Powell's rights and maliciously caused his arrest.

4.  Mr. Powell was not even in New York at the time of the thefts. A former member of the Harvard Club, he was deliberately and falsely identified for malicious purposes and the NYPD did no investigation to determine probable cause for his arrest whatsoever.

5.  Had they done any investigation, rather than merely rubberstamping a malicious and false identification, they would have discovered that the man identified and videotaped by the Harvard Club as Mr. Powell looked nothing like him and that

Mr. Powell had been in Washington, D.C. at the time he was purportedly in New York City.  This suit follows.

## JURISDICTION AND VENUE

6.	This action arises under 42 U.S.C. §§ 1983 and 1988 in addition to the laws of the State of New York.

7.	Jurisdiction lies in this Court over claims against employees of the New York City Police Department under its federal question and civil rights jurisdiction, 28 U.S.C. §§ 1331 and 1343.

8.	Jurisdiction also lies under diversity jurisdiction as Mr. Powell is a resident of the District of Columbia and all Defendants are residents of the State of New York.

9.	Jurisdiction also exists over state law claims against the Harvard Club 28 U.S.C. § 1367.

10.	Venue is proper in this Court under 28 U.S.C. § 1391 because Plaintiff's claims arose within the Southern District of New York.

## PARTIES

11.	Plaintiff Stephen Powell is a resident of the District of Columbia.

12.	Defendant The Harvard Club of New York City is a New York not-for-profit Corporation located at 27 W. 44th Street, New York, New York, 10036.

13.	Defendant Gary Scollard is a detective in New York City Police Department in the Midtown South precinct.

## **GENERAL ALLEGATIONS**

14. Stephen Powell is a resident of the District of Columbia and on August 8, 2019, he was, in fact, residing in the District of Columbia.

15. On that day, in the late afternoon, he worked out at a VIDA gym in Washington, D.C.

16. He had lunch with Svetlana Wiczer at or around 1:15 p.m. that same day, in Washington, D.C.

17. On the evening of August 8, 2019, Mr. Powell had dinner with Maryam Yeganeh at around 7:30 p.m.

18. None of these facts about Mr. Powell's life would have any importance whatsoever, except that Mr. Powell was accused of a theft at the Harvard Club in New York City that occurred on August 8, 2019.

19. The Harvard Club falsely and maliciously identified Mr. Powell, a former member of the club, as a man seen on security footage at their facility.

20. In fact, Mr. Powell looked nothing like the man in the security footage at the Harvard Club who had stolen goods from the Club on both the January and August occasions.

21. Nonetheless, the Harvard Club forwarded surveillance video and their malicious and false identification to the NYPD.

22. The Harvard Club intentionally misidentified Plaintiff to the NYPD because employees had long standing animus towards Mr. Powell.

23. They did not merely send the surveillance video to the NYPD, but participated in the investigation and pointed the NYPD towards Mr. Powell despite the fact that they would know and did know that he was not present at the club when the theft occurred on August 8, 2019.

24. The Harvard Club knowingly procured his arrest with false information.

25. The identification – without any further investigation by the NYPD – induced and led to Mr. Powell's arrest.

26. Plainly exculpatory evidence – a photo of Mr. Powell – was ignored.

27. On October 16, 2019, Mr. Powell was arrested for three incidents of Grand Larceny in the Fourth Degree, two at the Harvard Club and one at the University Club at 1 West 54th Street in New York City, which are felonies under New York law, as a result of the Harvard Club's false and malicious accusations.

28. No probable cause existed for the arrest.

29. In fact, a cursory comparison of Mr. Powell's easily accessible or requestable photo to the man identified on the surveillance camera would have revealed that Mr. Powell was not the individual on tape.

30. Moreover, Mr. Powell had entered his local gym in Washington, D.C. in the late afternoon on August 8 using a biometric scan of his finger.

31. Mr. Powell was outside the United States on a business trip and had to cancel the remainder of the trip to travel to New York to turn himself in to the NYPD.

32. Once there, Mr. Powell was easily able to prove that he had not committed the thefts.

33. The charges were dismissed after significant infringement on his liberty and damage to him.

## FIRST CAUSE OF ACTION
False Arrest Against Detective Scollard

34. Mr. Powell repeats and realleges the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

35. Defendant Scollard, acting under color of state law, deprived Mr. Powell of his rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure, and to his liberty, by arresting, confining, causing the confinement, and/or continuing the confinement of Mr. Powell without any privilege.

36. Defendants, at all relevant times, knew of, recklessly disregarded, and/or were deliberately indifferent to the absence of probable cause for their arrest and detention of Mr. Powell.

37. Defendants took the actions required to arrest and detain Mr. Powell.

38. Mr. Powell was conscious of his confinement and did not consent to it.

39. Defendants deprived Mr. Powell of his rights intentionally, knowingly, willfully, and/or recklessly.

40. As a direct and proximate result of this unlawful conduct, Mr. Powell sustained the damages alleged herein.

## **SECOND CAUSE OF ACTION**
False Arrest Against the Harvard Club

41.     Mr. Powell repeats and realleges the foregoing paragraphs and incorporates them by reference as if fully set forth herein.

42.     The Harvard Club, through its employees, caused Mr. Powell to be detained.

43.     The actions of the Harvard Club were not otherwise privileged and were undertaken with malicious intent.

44.     Mr. Powell was conscious of his confinement and did not consent to it.

45.     Defendant, at all relevant times, knew of, recklessly disregarded, and/or was deliberately indifferent to the absence of probable cause for the arrest and detention of Mr. Powell.

46.     As a direct and proximate result of this unlawful conduct, Mr. Powell sustained the damages alleged herein.

WHEREFORE, Plaintiff Stephen Powell demands judgment against the above-captioned Defendants as follows:

a. For compensatory damages, jointly and severally, in an amount to be determined at trial, but not less than one hundred thousand dollars;

b. For punitive damages, jointly and severally, in an amount to be determined at trial;

c. For reasonable attorneys' fees, costs, and disbursements, under 42 U.S.C. § 1988 and other applicable laws;

d. For pre- and post-judgment interest as allowed by law; and

e. For such other relief as this Court deems just and proper.

Dated:  New York, New York
          May 10, 2021

WERTHEIMER LLC

By: _____
Joel A. Wertheimer
14 Wall Street, Suite 1603
New York, New York 10005
(646) 720-1098
joel@joelwertheimer.com

Ali Najmi
The Law Office of Ali Najmi
261 Madison Avenue, 12th Floor
New York, New York 10016
T: (718) 637-7707